UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| **JAMES J. BOWMAN**, | ) | Case No.  4:08 CV 0298 |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM OPINION |
| **COMMISSIONER OF SOCIAL SECURITY**, | ) | |
| Defendant. | ) | Magistrate Judge James S. Gallas |

James J. Bowman filed his original appeal to the court seeking judicial reversal under 42 U.S.C. §405(g) from the administrative denial of his May 22, 2001 application for disability insurance benefits.  This application for disability was denied by an ALJ on April 14, 2005, following an administrative hearing and that denial became the final decision of the Commissioner after the Appeals Council declined review. See 20 C.F.R. §404.1481. This initial denial was based on the conclusion that due to bilateral hand and wrist pain, status post bilateral carpal tunnel release, Bowman had a residual functional capacity for light exertion restricted to no more than occasional fine manipulation bilaterally and no repetitive use of the hands. (Tr. 27). The ALJ found using the medical-vocational guidelines from Appendix 2 that 1,600 light *and sedentary* occupational categories existed in the national economy within the foregoing parameters. *Id.*

Bowman filed an appeal and the parties consented to the jurisdiction of the Magistrate Judge for all further proceedings including entry of judgment in accordance with 28 U.S.C. §636(c) and Rule 73 of the Federal Rules of Civil Procedure.  On July 20, 2006,  Magistrate Judge Hemann

4:08 CV 0298                                               2

reversed the administrative denial of disability benefits and ordered the matter remanded reasoning that the ALJ's finding on the number of sedentary positions existing was specious:

> The ALJ specifically pointed out, however, that "a capacity for light work in this case includes a capacity for sedentary work as well . . ." and stated, "[T]he Commissioner has identified some 1,600 light and sedentary occupational categories which exist in significant numbers in the national economy." Because it is clear from SSRs 85-15 and 83-14, as well as Section 2001.00(h) of Appendix 2, that bilateral manual dexterity is necessary for all unskilled sedentary jobs, and because the ALJ did not make a separate finding as to the number of jobs that exist in the light, unskilled category, the court must conclude that his findings are not supported by substantial evidence. Simply put, he should have called for the testimony of a vocational expert, even if plaintiff did not wish to appear.
>
> Memorandum Opinion July 20, 2006 p. 8, Case No. 4:06 CV 0304, ECF # 20, & Tr. 304

In the decision dated April 14, 2005, the ALJ had determined that the medical record established only non-severe mental impairment for Bowman. (Tr. 21). The ALJ further noted Bowman's complaints of medication side-effects (Tr. 18) but found that there would be no significant interference with work capability (Tr. 25), and despite noting Bowman's complaint of numbness in his fingertips (Tr. 18), gave no consideration to inability to feel. These findings, or lack thereof, were not challenged in the appeal to Judge Hemann. (Tr. 302).

On September 13, 2006, the Appeals Council vacated its final decision and ordered the ALJ to conduct further proceedings consistent with the order of court including the opportunity for a new hearing, and to issue a new decision (Tr. 308). A supplemental administrative hearing was held on May 23, 2007, at which Thomas Nimberger testified as vocational expert (Tr. 322- 369). At this hearing the ALJ asked the vocational expert to consider a person with Bowman's age, education, and work background who is restricted to light exertion, but "could not perform work requiring more

4:08 CV 0298                                                                 3

than occasional fine manipulation so as to avoid repetitive use of his hands, and he would need a job where he would not be exposed to vibrating tools so as that would vibrate in his hands" (Tr. 349). The vocational expert asked for and received clarification that these restrictions were bilateral and avoidance of repetitive hand use allowed for occasional hand use. (Tr. 350). The vocational expert testified that under these restrictions substantial gainful activity could be performed in such jobs as housekeeper, cafeteria attendant, and watchguard. The ALJ included this evidence in the new decision issued on June 29, 2007 (Tr. 299-A, 351- 359). Bowman objected but the Appeals Council again declined to assume jurisdiction, making the June 29, 2007 decision the final decision of the Commissioner.

*Res judicata:*

Bowman has again appealed under 42 U.S.C. §405(g)from the second administrative denial of disability insurance benefits. He now challenges the ALJ's findings on his residual functional capacity for failure to consider evidence of anxiety and depression, which Bowman now contends constitute severe mental impairments. In addition to the severe mental impairment argument, Bowman adds that the ALJ failed to consider the side-effects of medication, as Darvocet, Neurontin and Zoloft, and that the ALJ's residual functional capacity failed to include Bowman's limitation on his ability to feel with his fingers (Tr. 199-200). This creates friction with the court-ordered remand in 2006, which was tailored to the sole issue of nonexertional limitation in manual dexterity under SSR 83-14. The Commissioner points out that Bowman did not challenge the ALJ's findings regarding his physical and mental functioning when the case was before Judge Hemann, and now contends that Bowman has waived review of his new mental impairment claim. The Commissioner

4:08 CV 0298                                                    4

read Judge Hemann's statement in her opinion that "Plaintiff has not challenged the factual findings reached by the ALJ" (Tr. 302) as grounds for waiver of any and all arguments made in regard to Bowman's physical and mental limitations. Elaborating on this argument, the Commissioner delves into administrative *res judicata* under 20 C.F.R. §404.957, but later this argument expands to include concepts from judicial *res judicata*.[1] The Commissioner concludes that the ALJ reasonably followed the district court's directive not to readjudicate the issue of Bowman's residual functional capacity on remand and to focus narrowly on obtaining vocation expert testimony.

It is noteworthy that is this second decision, the ALJ emphasized that "deviation from the court's remand order in subsequent administrative proceedings is itself legal error, subject to reversal on further judicial review." *Hollins v. Massanari*, 49 Fed. Appx. 533, 84 Soc. Sec. Rep. Serv. 5 (6th Cir. Oct. 17, 2002), *cert. denied*, 540 U.S. 811 (2003)(citing *Sullivan v. Hudson*, 490 U.S. 877, 886, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989); *Mefford v. Gardner*, 383 F.2d 748, 758 (6th Cir. 1967). (Tr. 285). The ALJ used this legal precept incorrectly to limit the issues for consideration on remand, and on that basis repeated the prior physical and mental limitation findings from the 2006 administrative decision with only additional findings concerning vocational parameters and the vocational expert's testimony.

---

[1] It is clearly established that the affirmative defense of *res judicata* under Fed. R. Civ. P. 8(c) can be raised by motion, (See *Golden v. C.I.R.*, 548 F.3d 487, 494 (6th Cir. 2008)), and there is no reason to bar the Commissioner's raising the defense in responsive brief to Bowman's arguments which appear for the first time in the statement of errors filed in this case, since a procedure of statement of errors followed by the Commissioner's response has been substituted for the cross-motions for summary judgement procedure used elsewhere in Social Security Appeals.

4:08 CV 0298 5

The ALJ's foregoing legal synopsis does not appear to be an accurate summation of *Hollins*. A brief review of *Hollins* is necessary because the district court opinion laid out and segregated several principles which directly relate to the issue of waiver raised by the Commissioner, which have been jumbled in the parties' arguments. In *Hollins*, the district court had remanded the matter to the Commissioner to consider whether or not the claimant's mental impairment equaled Listing 12.05C and for consideration of illiteracy. See *Hollins v. Apfel,* 160 F. Supp.2d 834, 836-37 (S.D. Ohio 2001). "Following remand the administrative law judge rejected his previous finding that plaintiff was limited to only a reduced range of light work, explaining that that finding was based on inappropriate, nonmedical , considerations and limited objective findings and treatment history." *Id.* The ALJ found borderline intellectual functioning and reading disorder but with no physical impairment and concluded that the claimant was not disabled. *Id*. The ALJ also obtained new vocational expert testimony. *Id.*, 160 F. Supp.2d at 839 & n.1. In effect, the ALJ made a new determination and stated that he was not bound by either the law of the case or administrative *res judicata* in connection with his earlier finding regarding the claimant's residual functional capacity. *Hollins*, 160 F. Supp.2d at 838.

The district court in *Hollins* affirmed the ALJ's new decision as supported by substantial evidence (*Id.*, 160 F. Supp. 2d at 841), but before reaching the merits, it was necessary to access whether the ALJ was legally able to render new findings of fact. The district court agreed first that only the final administrative decision is entitled to administrative *res judicata* (citing *Drummond v. Comm'r of Soc. Sec*., 126 F.3d 837 (6th Cir. 1997); 20 C.F.R. §404.955 and §404.983). See *id.*, 160 F. Supp.2d at 839-840. Accordingly, administrative *res judicata* did not inhibit new and

4:08 CV 0298                                               6

different findings. Second, the court concluded that the "law of the case" doctrine did not apply since the previous order of remand under the fourth sentence of 42 U.S.C. §405(g) was a final judgment. The court explained that it was reviewing a new decision in a new case. Third, the court analyzed whether judicial *res judicata* or collateral estoppel precluded relitigation of the facts, and found that the ALJ's new finding regarding residual functional capacity was not essential "to the judgment actually rendered by the Court in the earlier action." *Id.*

The Sixth Circuit affirmed *Hollins*, but with its focus on the district court's discussion of the first issue of administrative *res judicata* and 20 C.F.R. §404.983. See *Hollins*, 160 F. Supp.2d at 839 n. 2. The Sixth Circuit set out the issue before it as whether the ALJ possessed the authority to revisit prior findings *sua sponte* (which he had) and **not** whether the Commissioner waived his right to object or appeal the ALJ's original findings regarding Hollins' residual functional capacity. *Id.* 49 Fed. Appx. at 536 n.3. The ALJ possessed that authority to revisit prior findings under §404.983 which provided "that, upon remand by a federal court, '[a]ny issues relating to your claim may be considered by the administrative law judge whether or not they were raised in the administrative proceedings leading to the final decision in your case.' 20 C.F.R. § 404.983." *Hollins,* 49 Fed.Appx. at 536. [2] Pursuant to the Sixth Circuit's holding in its decision, "[t]he only issues that *Hollins* precluded [the ]ALJ . . . from considering were those issues that [the district court judge] definitely decided in . . . opinion[.]" *Drossman v. Comm'r of Soc. Sec*., 2008 WL 1848202 at *7, 130 Soc. Sec.

---

[2] Picking up with this point, Judge Carr added that not only does §404.983 govern, but also §404.977(b), which states that "[t]he administrative law judge shall take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order." See *Drossman v. Comm'r of Soc. Sec*., 2008 WL 1848202 at *7, 130 Soc. Sec. Rep. Serv. 276 (N.D. Ohio).

4:08 CV 0298                                                    7

Rep. Serv. 276 (N.D. Ohio). The Sixth Circuit found no need to address the question of judicial *res judicata* or collateral estoppel in relation to the judicial appeal.

Despite the confusion in the arguments and counter-arguments raised, two points need to be clear. First, administrative *res judicata* is not a basis for resolution of the issues presented. Second, the doctrine of the law of the case is not relevant to the arguments presented. The legal principles of judicial *res judicata* and collateral estoppel, though, are the underlying foundation for the Commissioner's waiver argument. The key issue is whether judicial review in now barred for Bowman's severe mental impairment argument and companion arguments concerning mediation side-effects and inability to feel in his fingertips which are raised for the first time following court-ordered remand, when these arguments could have been raised in the prior appeal under 42 U.S.C. §405(g).

With respect to federal claims:

A fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and res judicata, is that a "right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties or their privies . . .." *Southern Pacific R. Co. v. United States*, 168 U.S. 1, 48-49, 18 S.Ct. 18, 27, 42 L.Ed. 355 (1897). Under res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action. *Cromwell v. County of Sac,* 94 U.S. 351, 352, 24 L.Ed. 195 (1877); *Lawlor v. National Screen Service Corp.*, 349 U.S. 322, 326, 75 S.Ct. 865, 867, 99 L.Ed. 1122 (1955); 1B J. Moore, Federal Practice ¶ 0.405[1], pp. 621-624 (2d ed. 1974) (hereinafter 1B Moore); Restatement (Second) of Judgments § 47 (Tent. Draft No. 1, Mar. 28, 1973) (merger); id., § 48 (bar). Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 649, 58 L.Ed.2d 552 (1979); Scott, Collateral Estoppel by Judgment, 56

4:08 CV 0298                                                            8

>   Harv.L.Rev. 1, 2-3 (1942); Restatement (Second) of Judgments § 68 (Tent. Draft No. 4, Apr. 15, 1977) (issue preclusion). Application of both doctrines is central to the purpose for which civil courts have been established, the conclusive resolution of disputes within their jurisdictions. *Southern Pacific R. Co.*, supra, 168 U.S., at 49, 18 S.Ct., at 27; *Hart Steel Co. v. Railroad Supply Co.*, 244 U.S. 294, 299, 37 S.Ct. 506, 507, 61 L.Ed. 1148 (1917). To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions.
>
>   *Montana v. United States,* 440 U.S. 147, 153-154, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979).

The claim preclusive aspect of *res judicata* reaches its potential when there has been a final judgment. Judge Hemann entered a final judgment when she ordered the prior agency determination reversed and remanded the matter for a new administrative decision based on vocational testimony to be obtained by the Commissioner. See *Sullivan v. Finkelstein,* 496 U.S. 617, 629, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990).[3] "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980)(citing *Cromwell v. County of Sac,* 94 U.S. 351, 352, 24 L.Ed. 195, 4 Otto 351 (1876)). The federal "res judicata doctrine functions not only in its traditional role of preventing repeat claims, but has become a compulsory joinder requirement for closely related claims." *AVX Corp. v. Cabot Corp.,* 424 F.3d 28, 31 (1st Cir. 2005).

---

[3] "[T]he fourth sentence [of 42 U.S.C. 405(g)] directs the entry of a final, appealable judgment even though that judgment may be accompanied by a remand order. The fourth sentence does not require the district court to choose between entering a final judgment and remanding; to the contrary, it specifically provides that a district court may enter judgment 'with or without remanding the cause for a rehearing.'"

*Sullivan v. Finkelstein* , 496 U.S. at 629, 110 S.Ct. at 2666.

## *CONCLUSION*

Bowman's appeal under 42 U.S.C. §405(g) which followed Judge Hemann's order of remand is the same "cause of action" as had been under judicial scrutiny earlier, and the arguments now raised certainly could have been raised before Judge Hemann. Consequently, review of Bowman's arguments advanced in his statement of errors is barred, and this matter is dismissed.

s/James S. Gallas
United States Magistrate Judge

Dated: April 22, 2009